NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR SORIANO-JIMENEZ, | No.  14-73288 |
| Petitioner, | Agency No. A098-214-672 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an
Immigration Judge's Decision

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Victor Soriano-Jimenez, a native and citizen of Mexico, petitions pro se for review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture in Mexico, and thus is not entitled to relief from his reinstated removal order.  Our jurisdiction is

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the IJ's factual findings.  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).  We deny the petition for review.

Substantial evidence supports the IJ's determination that Soriano-Jimenez failed to demonstrate a reasonable fear of persecution on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the IJ's determination that Soriano-Jimenez failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government of Mexico.  *See Andrade-Garcia*, 828 F.3d at 836-37.  Thus, Soriano-Jimenez's challenges to the IJ's negative reasonable fear determination fail.

We do not consider the materials Soriano-Jimenez references and attached to his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**

14-73288